1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ERIC A. O'DELL,                        No.  2:14-cv-1130-GEB-EFB P

12            Plaintiff,

13        v.                                ORDER AND FINDINGS AND
                                            RECOMMENDATIONS
14   VENCER, et al.,

15            Defendants.

16

17         Plaintiff Eric O'Dell is a state prisoner proceeding without counsel in an action brought

18   under 42 U.S.C. § 1983.  He seeks leave to proceed in forma pauperis.[1]  *See* 28 U.S.C. § 1915(a).

19   For the reasons explained below, the court finds that plaintiff has not demonstrated he is eligible

20   to proceed in forma pauperis.

21         A prisoner may not proceed in forma pauperis:

22         if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in
           any facility, brought an action or appeal in a court of the United States that was
23         dismissed on the grounds that it is frivolous, malicious, or fails to state a claim
           upon which relief may be granted, unless the prisoner is under imminent danger of
24         serious physical injury.

25   _____

26         [1] On May 12, 2014, the court ordered plaintiff to submit a completed affidavit in support
     of his request to proceed in forma pauperis within thirty days.  On June 18, 2014, after plaintiff
27   failed to timely file the affidavit, the undersigned recommended that this action be dismissed
     without prejudice.  ECF No. 8.  Plaintiff subsequently filed the required affidavit.  ECF No. 9.
28   Accordingly, the court vacates the June 18 findings and recommendations.

                                              1

28 U.S.C. § 1915(g).  Court records reflect that on at least three prior occasions, plaintiff has brought actions while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  *See* (1) *O'Dell v. McEwen*, 3:11-cv-0179-H-CAB (S.D. Cal) (dismissed September 20, 2011 for failure to state a claim); (2) *O'Dell v. Baca*, 2:11-cv-5221-UA-AGR (C.D. Cal.) (dismissed July 15, 2011 for failure to state a claim)[2]; and (3) *O'Dell v. Baca*, 11-56344 (9th Cir.) (October 18, 2011 order denying motion to proceed in forma pauperis on grounds that appeal was frivolous, and November 15, 2011 order dismissing appeal for failure to prosecute after plaintiff failed to pay the filing fee or show cause why the judgment challenged on appeal should not summarily affirmed).[3]

The section 1915(g) exception applies if the complaint makes a plausible allegation that the prisoner faced "imminent danger of serious physical injury" at the time of filing. 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007).  For the exception to apply, the court must look to the conditions the "prisoner faced at the time the complaint was filed, not at some earlier or later time." *Andrews*, 493 F.3d at 1053, 1056 (requiring that prisoner allege "an ongoing danger" to satisfy the imminency requirement). Courts need "not make an overly detailed inquiry into whether the allegations qualify for the exception." *Id.* at 1055.

Here, plaintiff claims his right to due process was violated during a prison disciplinary proceeding.  ECF No. 1.  He does not allege he faced imminent danger of serious physical injury

---

[2] In this case, the court properly determined that plaintiff failed to state a claim because his complaint was time-barred.  *See Jones v. Bock*, 549 U.S. 199, 215 (2007) (if allegations are barred by the statute of limitations, complaint is subject to dismissal for failure to state a claim). Accordingly, this dismissal qualifies as a strike under 28 U.S.C. § 1915(g).

[3] The dismissal of this appeal, although styled as one for failure to prosecute, also qualifies as a strike.  *See O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008) (complaint is "dismissed" for purposes of § 1915(g) even if dismissal is styled as denial of application to file the action without prepayment of the full filing fee); *see also, e.g., Lamon v. Junious*, No. 1:09-cv-00484-AWI-SAB, 2014 U.S. Dist. LEXIS 9778, at *9-10 (E.D. Cal. Jan. 27, 2014) (dismissal of appeal for failure to prosecute counted as "strike" where underlying ground for dismissal was that appeal was frivolous); *Thomas v. Beutler*, No. 2:10-cv-01300-MCE-CKD P, 2012 U.S. Dist. LEXIS 159943, at *5-6 (E.D. Cal. Nov. 6, 2012) (same, and citing similar cases); *Braley v. Wasco State Prison*, No. 1:07-cv-01423-AWI-BAM, 2012 U.S. Dist. LEXIS 133285 (E.D. Cal. Sept. 14, 2012) ("Plaintiff became subject to section 1915(g) . . . when the appeal of the dismissal of his third action as frivolous was dismissed for failure to prosecute").

1    at the time he filed his complaint, and there is no plausible basis for concluding such a danger

2    existed.  Therefore, the imminent danger exception does not apply.

3         As plaintiff has not paid the filing fee and is not eligible to proceed in forma pauperis, this

4    action must be dismissed.

5         Accordingly, IT IS HEREBY ORDERED that the June 18, 2014 findings and

6    recommendations (ECF No. 6) are vacated.

7         Further, IT IS HEREBY RECOMMENDED that plaintiff's request for leave to proceed in

8    forma pauperis be denied and this action be dismissed without prejudice to re-filing upon pre-

9    payment of the $400 filing fee.

10        These findings and recommendations are submitted to the United States District Judge

11   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

12   after being served with these findings and recommendations, any party may file written

13   objections with the court and serve a copy on all parties.  Such a document should be captioned

14   "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

15   within the specified time may waive the right to appeal the District Court's order.  *Turner v.*

16   *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

17   Dated:  August 4, 2014.

18

19                    EDMUND F. BRENNAN
20                    UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28

                                   3